FRANKLIN BUDD, surviving executor of John F. Budd, deceased,

*v.*

J. WOOLSTON HAINES, CLIFFORD COWPERTHWAITE, ADDIE G. COWPERTHWAITE, his wife, EUGENE HAINES, MARTHA HAINES, MARY HAINES, ABIGAIL HAINES, BENJAMIN TAYLOR, DAVID McDOWELL and CAROLINE McDOWELL, his wife.

Bequest of a sum of money to trustees in trust to pay the interest to two married daughters of the testator during their lives, and at their deaths to divide the principal among their children, share and share alike. Each daughter had children at testator's death and each bore a child after testator's death, which died in its mother's lifetime —*Held,* (1) The after-born children took vested interests in the fund, which went to the next of kin of each. (2) The fund is divisible among the children *per capita.*

Final hearing on bill and answers.

*Mr. Jerome B. Grigg,* for the complainant.

*Mr. Samuel A. Atkinson, Mr. Martin L. Haines* and *Mr. Mark R. Sooy,* for the different defendants.

PITNEY, V. C.

The bill is filed for instructions in the execution of the will of John F. Budd, deceased, and for a settlement of the accounts of his trustees up to the present time. The will was made, and testator died, in 1872. The clause to be construed is as follows:

"I give and bequeath unto my two sons, Franklin Budd and John S. Budd, my executors hereinafter named, six thousand dollars, in trust, nevertheless, the interest arising therefrom after deducting one per cent for their trouble and any tax that may be assessed upon the said money to pay over unto my two daughters, Abigail Taylor and Mary E. Haines, in the following manner for the maintenance and education of their respective children, to Abigail

Budd *v.* Haines.

Taylor one hundred and twenty dollars yearly and every year, and to Mary E. Haines two hundred and forty dollars yearly and every year until their respective children shall arrive at the age of twenty-one years old, and after the said children shall arrive at the age of twenty-one years then in that case the said interest to be paid equally between my two daughters, Abigail Taylor and Mary E. Haines, during their natural lives, and after their decease the principal to be paid to the children of my two daughters, Abigail Taylor and Mary E. Haines, share and share alike."

Several questions are propounded.

*First.* Both the daughters named in this clause survived their father; one—Mrs. Haines—died in 1880. All of their children now living are above the age of twenty-one years.

The first question raised is, is the fund now divisible and the one-half distributable? I am inclined to think the bequest of the income to the two daughters was to them as tenants in common and not as joint tenants, and that there is no survivorship. Such is the clear import of the words "the said interest to be paid equally between my two daughters during their natural lives," and I think that the words "after their decease the principal to be paid" &c. are not sufficient, standing alone, to create a right of survivorship, and so to give the survivor the whole of the interest for her life.

The cases bearing upon this question are conflicting, as may be seen by consulting *2 Rop. Leg. 1397; Theob. Wills 151, 259; Hawk. Wills 202.* In most of the cases where there has been found a joint tenancy and right to the survivor to take the whole annuity, there have been words indicating clearly that no part of the fund should be divided until after the death of the last survivor of the life tenant. But it is not necessary to decide the question here raised, because I find, on examining the answer of the surviving sister, Mrs. Taylor, that she, in effect, makes claim to one-half and no more of the income, and does not oppose a division of the fund at this time. If there is no right of survivorship, then the fund is now divisible, and one-half may be at once distributed.

*Second.* At testator's death Abigail Taylor had one child, who still survives. After testator's death she had another child, a boy, who died while an infant, in his mother's lifetime. At

Budd *v.* Haines.

testator's death Mary Haines had four children, who are still living.   After testator's death she had another child, a boy, who also died while an infant and in his mother's lifetime.   So that the two daughters had between them, at testator's death, five children, who still survive, and each, after testator's death, bore another child, who died in infancy in his mother's lifetime.

Upon this state of facts two questions arise—*first*, is the distribution of the fund to be made *per stirpes* or *per capita ?* and *second,* did the children so born after testator's death take vested interests in the fund which were transmitted to their several next of kin ?

Both questions seem to me to be quite simple and the answers plain.   The plain meaning of the language used is that the distribution should be *per capita*—" after their decease the principal to be paid to the children of my two daughters [naming them] share and share alike."   The context points in the same direction.   During the minority of his grandchildren testator gives to Mrs. Haines, who had four children, two-thirds of the income of the fund, and to Mrs. Taylor, who had but one child, he gives but one-third, both gifts being expressly for the support and education of their children.   This indicates that he intended his bounty to be enjoyed by his grandchildren equally *per capita* and not *per stirpes.*   See *Theob. Wills 149 et seq.*

I am also of the opinion that the after-born children took vested interests, which were not divested by their death in their mother's lifetime, and so were transmitted to their next of kin.

The following authorities sustain this view : *Howell, Executor,* v. *Green, 2 Vr. 570; Heater* v. *Van Auken, 1 McCart. 159* (at *p. 167*) ; *Taylor* v. *Langford, 3 Ves. 119; Locker* v. *Bradley, 5 Beav. 593; 6 Jur. 1098; Cohen* v. *Waley, 10 Jur. 767; 15 Sim. 318; Evans* v. *Jones, 2 Coll. 516* (at *p. 524*).

A careful examination of either of the reports of *Cohen* v. *Waley* shows it to be precisely in point, although the careless and stinted manner in which the judge is reported is misleading. There was there, as here, a gift for life, with remainder to the children of persons named.   At the death of the testator (1830) the persons named had but one child.   During the existence of

Budd v. Haines.

the life tenancy (1830–1845) three others were born, making four in all. Of these four three died before the life tenancy expired, leaving surviving one who was born after the death of testator. Complainant was the administrator of the three deceased children, two of whom were born and died during the life tenancy, and it was held he was entitled to three-fourths of the fund.

In *Heater* v. *Van Auken, 1 McCart. 159* (at *p. 167*), Chancellor Green says : " Where an estate for life is carved out of the fee with a gift over to the children of the person taking the life estate, such gift will embrace not only the objects living at the death of the testator, but all such as may subsequently come into existence during the life of the tenant for life. The children, if any are living at the death of the testator, take an immediate vested interest, subject to be divested *pro tanto* upon the birth of other children ; and upon the death of any of the children during the life of the tenant for life, their shares descend to their heirs-at-law."

In *Evans* v. *Jones, 2 Coll. 524,* Vice-Chancellor Knight Bruce uses this language : "And I think, upon the authority of *Taylor* v. *Langford, Walker* v. *Shore,* and various other cases, that, on the death of the survivor of the testator's widow and his sister, Jane Morgan, the share of the latter became the property of all her issue living at the testator's death, and all her issue who, between his death and the death of the survivor of his widow and Jane Morgan, came into existence, as tenants in common equally, *per capita,* without reference to their relative positions in the pedigree. Each child, each descendant, of Jane Morgan, living at the testator's death, took, in my opinion, a vested interest upon his death ; each child, each descendant, of Jane Morgan coming into existence between the testator's death and the death of the survivor of his widow and Jane Morgan took, as I conceive, a vested interest on coming into existence, though the amount of each share was, of course, not ascertainable until the determination of the life interest of the survivor of the two tenants for life, namely, the widow and Jane Morgan."

*Third.* The third question is as to the compensation of the

Budd v. Haines.

trustees. The legatees contend that it should be confined to one per cent. per annum, including taxes, so that if the taxes in any one year should equal one per cent., the trustees would get nothing for their services. I think this contention is sound. The legal rate of interest at the date of testator's death was seven per cent., and the interest on the fund would have been $420 a year if continuously invested. Testator evidently made his will on the assumption that the fund would be continuously invested and would produce that income, for he gives his daughters the aggregate of $360 a year, leaving $60 a year—just one per cent. —for the trustees. He must also have assumed that the annual tax would be less than one per cent. As to the event of the annual tax equaling one per cent., leaving the trustees without compensation, the answer is that they are at liberty to renounce the trust at any time. They must keep it, if at all, on the terms fixed by the testator.

But the answers allege that this fund has never been lawfully set aside and invested by the trustees, but has been used by them in their own business, and no tax paid upon it; and taking the answers to be true, as I must for present purposes, the trustees are not entitled to any allowance either for taxes or commissions. *McKnight* v. *Walsh*, *8 C. E. Gr. 136* (at *p. 148*).

*Fourth.* Mrs. Haines died in 1880, since which date the trustees have paid a portion of the income—just how much and under precisely what circumstances does not appear—to her husband, and such payment seems to have been acquiesced in.

The effect of this payment was not discussed in the briefs. I am inclined to the opinion that, so far as such payments were actually applied by the father to the support and maintenance of his infant children, and were acquiesced in by such of them as were of age, they may be sanctioned by this court.

Counsel may, if they desire, be heard further on this point.

A decree will be advised in accordance with the above views.